UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SMITH HAMMOND PIPING CO.,    Case No. 1:06-CV-553

    Plaintiff,    Hon. Richard Alan Enslen

v.

TRAVELERS CASUALTY AND
SURETY CO. OF AMERICA and
J.O.A. CONSTRUCTION CO., INC.

    Defendants.
_____/

## OPINION

This matter is before the Court on Plaintiff's Motion to Enforce Arbitration Award. For the reasons discussed herein, Plaintiff's motion is **granted**.

## BACKGROUND

Defendant J.O.A. Construction Company, Inc. ("JOA") entered into a contract with the United States Government to act as general contractor for the construction of certain facilities at the Fort Custer Training Center in Augusta, Michigan. Under federal law, any individual or entity awarded a contract for more than $100,000 to construct "any public building or public work of the Federal Government" must furnish to the Government a payment bond. 40 U.S.C. § 3131. JOA complied with this requirement, submitting a payment bond on which Defendant Travelers Casualty and Surety Company of America (Travelers) was the surety.

On August 3, 2004, JOA entered into a contract ("the subcontract") with Plaintiff Smith Hammond Piping Company ("SHP") pursuant to which SHP agreed to perform certain plumbing and

mechanical work on the Fort Custer project. The subcontract between JOA and SHP contained the following arbitration clause:

> 14.1   Agreement to Arbitrate. All claims, disputes and matters in question arising out of, or relating to, this Agreement or the breach thereof, except for claims which have been waived by the making or acceptance of final payment, and the claims described in Paragraph 14.2, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then in effect unless the parties mutually agree otherwise. Notwithstanding other provisions in the Agreement, this agreement to arbitrate shall be governed by the Federal Arbitration Act.

Plaintiff performed under the subcontract, after which a dispute arose between SHP, JOA and Travelers regarding payment to SHP for services rendered. On August 3, 2006, SHP initiated the present action against JOA and Travelers seeking to recover from Travelers pursuant to the terms of the aforementioned payment bond. Plaintiff has also asserted breach of contract and quantum meruit claims against JOA. Pursuant to the terms of the arbitration clause quoted above, however, Plaintiff's claims against JOA were submitted to arbitration. On September 27, 2006, an arbitrator awarded to Plaintiff $187,264.33 on its payment claim. JOA was also instructed to pay to SHP an additional $8,000.00 in fees and costs. Plaintiff now moves to obtain enforcement of the arbitrator's award.

## ANALYSIS

The Federal Arbitration Act provides that unless the parties to an arbitration specify that enforcement thereof is to occur in a particular court, a motion to enforce the arbitration award may be brought in any United States District Court in which venue is appropriate. *See* 9 U.S.C. § 9; *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 197-204 (2000). With respect to this issue, the subcontract between JOA and SHP provides that "[t]he award rendered by the arbitrator(s) shall be final and judgment may be entered upon it in accordance with applicable law in any court having

jurisdiction." This Court is the appropriate venue to resolve the present action. *See* 40 U.S.C. § 3133. Accordingly, Plaintiff's motion to confirm the arbitrator's judgment is properly before this Court.

The Federal Arbitration Act "expresses a presumption that arbitration awards will be confirmed." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 643 (6th Cir. 2005) (citations omitted). When the parties request judicial review of an arbitration decision, "the review is very narrow; one of the narrowest standards of judicial review in all of American jurisprudence." *Id.* (citations omitted). Section 9 of the Federal Arbitration Act provides that "the court must grant [an order confirming the arbitration award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9; *see also Wachovia Sec., Inc. v. Gangale*, 125 Fed. Appx. 671, 676 (6th Cir. 2005) (unpublished decision) (recognizing that "confirmation is a summary proceeding and the court *must* confirm the [arbitration] award" unless it is vacated, modified, or corrected).

Defendant JOA has not moved to vacate, modify, or correct the arbitration award in this matter, but instead simply disputes the amount it owes to Plaintiff under the arbitration award. Defendant JOA asserts that pursuant to the express terms of the arbitration decision, it owes to Plaintiff $36,150 less than the amount requested. The provision in the arbitration award on which JOA relies provides as follows:

> 5. Smith Hammond Piping Co. shall complete within seven days of this Award any uncompleted work/punchlist work previously identified in writing. If any of this work is not completed, monies representing one and one half times the value of the uncompleted/punchlist work item(s) may be withheld by J.O.A. Construction Co., Inc. until the work is completed in accordance with the plans and specifications. Luckett & Farley, the architect for the project employed by J.O.A. Construction Co., Inc., shall determine if any work falls into this category and the value of the uncompleted/punchlist work. Said money shall be paid within seven days of completion of the uncompleted work/punchlist work item(s) as determined by Luckett & Farley. If payment is not made the conditions of item

>   6 below shall apply for interest on the monies due until collected by Smith Hammond Piping Co. If Luckett & Farley is unwilling to perform this function, no monies will be withheld from this award to Smith Hammond Piping Co. for uncompleted work/punchlist but Smith Hammond Piping Co. shall expeditiously complete the remaining work/punchlist items per the terms of its subcontract with J.O.A. Construction Co., Inc. Any uncompleted work/punchlist, which has not been previously identified in writing, shall be completed expeditiously by Smith Hammond Piping Co. if/when they are notified of the item(s). No monies shall be withheld for items not previously identified in writing.

Pursuant to the express terms of this provision, Defendant JOA is not entitled to withhold monies from the arbitration award *unless* Plaintiff fails to complete tasks specifically identified by Luckett & Farley as "uncompleted work/punchlist work." Defendant JOA has submitted no evidence indicating that Luckett & Farley has identified any "uncompleted work/punchlist work" or that Plaintiff failed to complete any such work. On the other hand, Plaintiff has submitted an uncontroverted affidavit asserting that Luckett & Farley "has never determined that there was any incomplete or punchlist work." (Dkt. No. 20, Ex. A). Thus, the Court discerns no merit in Defendant JOA's assertion that it is entitled to withhold $36,150 from the amount awarded by the arbitrator in this matter.

Plaintiff also asserts that it is entitled to recover the $2,664.00 in attorney fees that it incurred to bring the present motion to enforce. The Court agrees. The subcontract between JOA and SHP contained the following provision regarding attorney fees:

>   15.4   Attorney Fees. Should either party employ an attorney to institute suit or demand arbitration to enforce any of the provisions hereof, to protect its interest in any matter arising under this Agreement to collect damages for the breach of the Agreement, or to recover on a surety bond given by a party under this Agreement, the prevailing party shall be entitled to recover reasonable attorney's fees, costs, charges, and expenses expended or incurred therein.

Plaintiff's motion to enforce the arbitrator's award certainly qualifies as an action "to protect its interest in any matter arising under this Agreement to collect damages for the breach of the Agreement." Moreover, the amount requested by Plaintiff is reasonable.

## CONCLUSION

Accordingly, as discussed herein, Plaintiff's Motion to Enforce Arbitration Award is **granted**. The Court also notes that pursuant to the express terms of the arbitration agreement, the amount awarded to Plaintiff on its payment claim ($187,264.33) "shall bear interest at the rate of 5% per annum" if not paid in full "within ten calendar days" of the date of the arbitrator's decision. A Judgment consistent with this Opinion will enter.

DATED in Kalamazoo, MI:  
      March 19, 2007

/s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE